IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

v.

                                  No. 05-40091-01-SAC
                                      07-4044-SAC

URIEL RODOLFO TORRES-CISNEROS,

        Movant/Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant's motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.

**SUMMARY OF FACTS**

The defendant was indicted on two counts by the grand jury on August 2, 2005 in the District of Kansas.  The first count was for being an alien, illegally and unlawfully in the United States, who knowingly possessed a firearm.  The defendant's second count was illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a).  On January 31, 2006, the defendant pleaded guilty to the second count, and the first count was dismissed.

In anticipation of sentencing, the Probation Office prepared a Presentence Report (PSR).  The PSR calculated the defendant's base offense level as eight, added a sixteen- level enhancement based on U.S.S.G. § 2L1.2(b)(1)(A), because the defendant had been previously deported after having been convicted of burglary in El Paso, Texas in 2000, and subtracted three levels for acceptance of responsibility, producing a total offense level of 21.  Because defendant's criminal history category was V, the advisory Guidelines sentencing range was 70 to 87 months.  The court sentenced defendant to seventy months in prison and three years of supervised release.  Upon completion of the term of imprisonment, the defendant will be surrendered to a duly authorized immigration official for deportation.

On April 2, 2007, the defendant filed this Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255.  The defendant claims that his counsel was ineffective in the failing to make the following four arguments to the court: 1) that defendant was entitled to a two-level downward departure based on defendant's stipulation to an immediate order of deportation; 2) that defendant qualified for a downward departure under the fast-track program for illegal re-entry defendants; 3) that the Guidelines were no longer mandatory and that the sixteen-

level enhancement was merely advisory; and, 4) that defendant's deportation justified a sentence below the federal guideline range.

## 2255 STANDARDS

Before considering the defendant's claims on the merits, this court must first determine whether the defendant can demonstrate sufficient grounds to overcome the procedural bar against consideration of defaulted claims.  A defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice suffered by that default, or that the failure to hear his claim would result in a fundamental miscarriage of justice.  *U.S. v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).  The defendant did not file a direct appeal and does not advance any claim of actual innocence.

To obtain collateral relief in this matter, a convicted defendant must show both (1) cause excusing his double procedural default, and (2) actual prejudice resulting from the errors of which he complains.  *U.S. v. Frady*, 456 U.S. 152, 166-167 (1982).  A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting this procedural bar.  *U.S. v. Horey*, 333 F.3d 1185, 1187 (10th Cir. 2003).  Consequently, if the defendant can demonstrate that he received ineffective assistance of counsel, he will have

established the requisite cause and prejudice to overcome application of the procedural bar.

**INEFFECTIVE ASSISTANCE OF COUNSEL STANDARDS**

To establish a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance fell below the constitutional minimum guaranteed by the Sixth Amendment based upon "an objective standard of reasonableness," and that his counsel's errors prejudiced him, and were so serious as to deprive the defendant of a fair trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The Supreme Court recognizes that there is a strong presumption that counsel's performance falls within the wide range of professional assistance. *Id.* at 689. The defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-689. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689.

Additionally, a court can jump to the prejudice prong without first determining whether counsel's performance was deficient.  *Kimmelman v. Morrison*, 477 U.S. 365 (1986).  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.  *Strickland*, 466 U.S. at 697.

**ANALYSIS**

The Defendant first argues that his counsel was ineffective because his counsel allegedly failed to argue for a two-level downward departure warranted by defendant's stipulation to an immediate order of deportation.

Defendant's contention that he stipulated to an immediate order of deportation is not supported by the record.  Defendant points the court to nothing in the record to support this assertion, and the court can find nothing in the record to indicate that defendant did in fact stipulate to an immediate order for deportation upon release.  The Petition to Enter Guilty Plea reflects defendant's understanding that deportation could be a consequence of a conviction, in acknowledging, "I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense *may* result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization."  The defendant

also stated in his sentencing hearing that he had "been advised and did understand that as a non U.S. citizen, a conviction of a criminal offense *may* result in deportation from the United States..."  These references to and acknowledgments of a potential event fail to constitute a stipulation to an immediate order of deportation.

   Furthermore, defendant's counsel did argue that the court should take into consideration that the defendant was likely to be deported.  In the defendant's Sentencing Memorandum counsel argued in paragraph three that there was no need for a longer sentence to protect the public from further crimes of the defendant, and that defendant's deportation at the conclusion of his sentence further reduced the need for public protection as an influence on his sentence.

   Additionally, even had there been a stipulation to deportation, defendant would not necessarily have been entitled to a downward departure. The Sentencing Commission was fully cognizant that virtually all alien criminal defendants, convicted under 8 U.S.C. § 1326(a), and sentenced pursuant to U.S.S.G. § 2L1.2, would be subjected to deportation and that many undoubtedly would stipulate to deportation.  *Id.* at 1059.  Nonetheless, the Guidelines do not contain any provision allowing for a reduction of sentence for such a stipulation.  Although the Tenth Circuit has not ruled on the issue, some courts permit such a downward departure

where a defendant presents a colorable, nonfrivolous defense to deportation, carrying with it unusual assistance to the administration of justice. *See U.S. v. Gavlez-Falconi*, 174 F.3d 255, 260 (2nd Cir. 1999). Here, in the absence of any colorable, nonfrivolous defense to deportation, the proffered ground for departure under U.S.S.G. § 5K2.0 does not constitute a mitigating circumstance of a kind not adequately considered by the Commission to justify a downward departure. *Id.*

The defendant's second claim of error is that his counsel failed to argue that he qualified for a downward departure under the fast track program for illegal re-entry defendants. Again, the record refutes defendant's assertion. Defendant's counsel asserted on page ten of his Sentencing Memorandum that the court should grant a three-level departure, stating: "This Court should reduce the offense level by three levels. This is the approach adopted by the *Medrano-Duran* court, which canvassed other jurisdictions' fast-track policies and concluded that those districts in which departures were regulated under § 5K3.1 averaged a three-level departure," citing *U.S. v. Medrano-Duran*, 386 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Defendant's counsel also argued that Kansas' lack of a fast-track policy created an unwarranted sentencing disparity. This court rejected that argument based upon Tenth Circuit precedent. *See United States v. Martinez-Trujillo,* 468

F.3d 1266 (10th Cir. 2006). Therefore, the Defendant's second claim of error is meritless.

The defendant's third complaint is that his counsel failed to argue that the Guidelines were no longer mandatory and that the sixteen-level enhancement was advisory only. This claim is refuted by the record. Defendant's counsel not only discussed at length the sentencing factors listed in 18 U.S.C. § 3553(a) in his Sentencing Memorandum, but also expressly stated that the factors, "which the mandatory application of the Guidelines made dormant, have a new vitality in channeling the exercise of sentencing discretion." Dk. 27, at p. 4. Counsel's Sentencing Memorandum shows that defendant's counsel considered the Guidelines to be non-mandatory and urged the court to impose a non-Guidelines sentence, recognizing the court's discretion to determine the sentence. In arguing that the sentencing guidelines were not mandatory and that the court should consider a non-guideline sentence, defendant's counsel acted within the realm of professionally competent assistance.

Additionally, the court treated the Guidelines and the sixteen-level enhancement as merely advisory. This is evident in the transcript of the sentencing hearing, which reflects the court's consideration of the § 3553(a) factors. That transcript also contains the court's reference to the Guidelines as advisory, in

stating "the court believes the sentence equivalent to the low end of the advisory guideline range will reflect the seriousness of the offense, promote respect for the law and provide just punishment for an adequate deterrence, and protect the public from further violation."

The defendant's fourth assertion is that his counsel failed to argue that his deportation provided a basis for a reduced sentence. Although the defendant's counsel did not lodge any objections to the PSR, he filed a lengthy Sentencing Memorandum in which he argued that the sentencing factors listed in 18 U.S.C. § 3553(a) justified a lower sentence than the one recommended by the PSR. Therein, counsel for the defendant argued that "the fact that Mr. Torres Cisneros will be deported at the conclusion of his sentence further lessens the need for public protection." Dk. 27, p. 6. Therefore, the defendant's assertion has no basis in fact.

**EVIDENTIARY HEARING**

Defendant has arguably requested an evidentiary hearing on his motion. (Dk.33 p. 6). Under 28 U.S.C. § 2255 , "to be entitled to an evidentiary hearing ... [defendant] must 'allege[ ] facts which, if prove[n], would entitle him to relief.' ' *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996), *overruled on other grounds by Daniels v. United States*, 254

F.3d 1180, 1188 n. 1 (10th Cir. 2001). "[T]he allegations must be specific and particularized, not general or conclusory." *Hatch*, 58 F.3d at 1471.  If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," this court need not grant defendant an evidentiary hearing because the factual matters raised by the defendant's § 2255 petition may be resolved on the record before the court.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.1988).

Defendant has failed to allege specific and particular facts to support the issues raised in his motion.  Further, the files and records in this case conclusively demonstrate that defendant is not entitled to relief.  Therefore, defendant's prayer for an evidentiary hearing shall be denied.

**CONCLUSION**

All of the defendant's claims of error fail because the arguments he alleges his counsel did not make were actually made by his attorney, as reflected in the record.  Each assertion of error is unsupported by the record in this case.  Thus, whether the allegations are viewed individually or collectively, the defendant has not shown that his counsel acted unreasonably or that defendant suffered any prejudice due to his counsel's conduct, as is necessary to satisfy the *Strickland*

standard. The court thus concludes for the reasons stated herein that petitioner is entitled to no relief on his application under *28 U.S.C. § 2255*.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to *28 U.S.C. § 2255* is denied.

Dated this 4th day of October, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge